Vincent L. PILKINGTON, Petitioner,

v.

UNITED STATES of America, Respondent.

Misc. No. 3917.

United States District Court
E. D. Virginia,
Norfolk Division.

April 25, 1962.

WALTER E. HOFFMAN, Chief Judge.

Petitioner was arrested on July 21, 1958, on a complaint of a special agent of the Federal Bureau of Investigation, charged with violating 18 U.S.C.A. § 661, in that he did allegedly burglarize a safe located on the Base Exchange of the United States Coast Guard, Norfolk, Virginia. He was accorded an immediate hearing before the Commissioner and committed to jail in default of his ability to post bond in the sum of $2500.00. The alleged offense occurred on July 12, 1958.

The following day, July 22, 1958, petitioner was brought before the court. Although not yet indicted it is the practice of this court to cause persons accused of crime to be brought before the court at the earliest practicable date in instances where the accused is unable to make bond. Petitioner and a co-defendant appeared. Their constitutional rights were explained to them, including the right to await action of the grand jury. Upon being advised of their right to counsel, and having expressed a desire for same, counsel was appointed.

On August 22, 1958, petitioner appeared with his counsel, Robert E. Norman. In open court after again being advised of his rights, petitioner executed a waiver of prosecution by indictment and consented to be proceeded against by information. The United States Attorney thereupon filed a criminal information charging petitioner with a violation of 18 U.S.C.A. § 661 (theft on property within the special maritime and terri-torial jurisdiction of the United States) which carries a maximum punishment of five years imprisonment. The seriousness of the offense was fully explained to petitioner as required by Rule 11, Federal Rules of Criminal Procedure, 18 U.S.C.A. Indeed, petitioner concedes that he knew of the possibility of imprisonment *as an adult* for as long as five years.

The petitioner waived formal arraignment and tendered a plea of guilty to the charge as set forth in the criminal information, namely, 18 U.S.C.A. § 661. After inquiring as to the voluntary aspects of the plea, the same was accepted. At the request of counsel, the court heard the evidence to establish the *prima facie* existence of a crime. After examining the pre-sentence report of the probation officer petitioner was sentenced under the Federal Youth Corrections Act. Specifically, petitioner was committed to the custody of the Attorney General "for treatment and supervision pursuant to Title 18, U.S.C., Section 5010(b) until discharged by the Division as provided in Title 18, U.S.C., Section 5017(c)."

From petitioner's correspondence in Criminal No. 11–701, it appears that he was initially sent to the Institution for Juvenile and Youth Offenders at Ashland, Kentucky. Subsequently he was transferred to the Reformatory at Chillicothe, Ohio, and later to the Penitentiary at Lewisburg, Pennsylvania. He was then paroled, but was subsequently returned to Lewisburg as a parole violator after being free for approximately eight months. According to his petition this day filed under 28 U.S.C.A. § 2255, he has served 43 months as of April 5, 1962. Petitioner has, in computing the time served, included the eight months of his freedom while on parole.

The present proceeding narrows itself into one legal issue which may be stated:

Where a defendant is charged as an adult and fully advised of the nature and

seriousness of the crime, must he likewise be advised of the consequences of a sentence under the Federal Youth Corrections Act before accepting his plea of guilty and imposing sentence thereunder?

While the question is believed to be of first impression in this circuit, the matter has been before the Fifth Circuit in Cunningham v. United States, 5 Cir., 256 F.2d 467, under a set of facts which are far more persuasive than the argument now advanced by petitioner [1]. In Cunningham the accused, having waived the right to counsel, tendered a plea of guilty to a charge of theft under 18 U.S.C.A. § 661. Because the theft involved property of a value of less than $100.00, the crime was a misdemeanor with a maximum punishment of one year. The accused was sentenced under the Federal Youth Corrections Act and the court, at the time of sentencing, explained the significance of the Act and its benefits to the defendant. After serving one year of the sentence, Cunningham filed a motion under 28 U.S.C.A. § 2255 alleging that the "sentence imposed was in excess of that authorized by the statute under which defendant was convicted." In upholding the constitutionality of the Federal Youth Corrections Act, the Fifth Circuit expressly ruled that a youth offender may be subjected to treatment and supervision for a period in excess of one year, even though the defendant, if sentenced as an adult, could not have been required to serve more than one year.

Congress has provided for sentences under the Federal Youth Corrections Act "in lieu of the penalty of imprisonment otherwise provided by law." 18 U.S.C.A. § 5010(b). The treatment rather than punishment is the feature emphasized in Cunningham [2].

It is, of course, impracticable to advise a defendant that a sentence may be imposed under the Federal Youth Corrections Act before accepting a plea of guilty. In many situations the age of the defendant is unknown. More important, however, is the fact that the pre-sentence report is not available to the court until the plea of guilty has been accepted. Rule 32(c) (1), Federal Rules of Criminal Procedure. Not all youth offenders are suitable persons to be sentenced under the Federal Youth Corrections Act. In addition to the advantage of "treatment", the Act specifies that the conviction shall be automatically set aside at the expiration of the six year period. 18 U.S.C.A. § 5021.

Petitioner complains that he is now in a penitentiary type institution where "treatment" is a misnomer. Congress has expressly provided for "treatment" of youth offenders in institutions of maximum security. 18 U.S.C.A. § 5011.

As the issue raised is purely one of law and as the Cunningham decision is clearly controlling, the motion, files and records of the case conclusively show that petitioner is entitled to no relief.

1. The Cunningham decision was approved in principle in United States v. Lane, 9 Cir., 284 F.2d 935, 941.

2. See remarks of Director of Bureau of Prisons, reported in 27 F.R.D. 356. See remarks of Executive Assistant, Criminal Division, Department of Justice, reported in 26 F.R.D. 261.